UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC L. LEWIS
1899 Pennsylvania Ave NW
Suite 600
Washington, DC 20006

Plaintiff,

v.

Civ. No. 17-943

U.S. DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

and

FINANCIAL CRIMES ENFORCEMENT NETWORK
PO Box 39
Vienna, VA 22183

Defendants.

# COMPLAINT FOR INJUNCTIVE RELIEF

## Introduction

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") for injunctive relief seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant Department of the Treasury ("DOT") and its component the Financial Crimes Enforcement Network ("FinCEN").

2. FOIA requires agencies of the federal government to release documents to the public upon request, unless one or more specific statutory exemptions apply.

3. In this instance, plaintiff submitted a narrow request for documents. FinCEN has unreasonably delayed its response, with delay after delay, stretching the process over more

than nine months and then ultimately refusing to produce *any* documents in response to the request.

4. FinCEN has failed to provide an appropriate justification for its refusal, but rather has invoked a laundry list of exemptions, which it asserts precludes production of all documents identified as responsive to the request. In violation of law, FinCEN has failed to provide any description of its search, any information concerning specific documents responsive to the request, or the identification of any exemption that applies to any particular document. FinCEN's response also fails to justify the wholesale withholding of responsive documents, as opposed to, for example, producing them in redacted form to the extent that an exemption might apply to some portion of an otherwise responsive document.

5. Plaintiff's FOIA request seeks specific records relating to a Notice of Finding and Notice of Proposed Rule Making pursuant to Section 311 of the USA PATRIOT Act, issued by FinCEN against Banca Privada d'Andorra S.A. ("BPA" or "the Bank") on March 10, 2015. Those Notices triggered the seizure of the Bank by the Government of Andorra.

6. Until its seizure, BPA was a healthy and solvent international, commercial bank organized under the laws of the Principality of Andorra, which had its principal place of business in Andorra. Until March 10, 2015, BPA engaged in regular banking business in that country, and, through subsidiaries, in Spain and Panama. On March 11, 2015, as a result of the Notices issued by FinCEN, BPA was seized by the Andorran government and placed in administration.

7. Prior to its intervention, 75% of BPA was held, directly or indirectly by members of the Cierco family, and, in particular, by brothers Ramon & Higini Cierco. The Cierco brothers served as non-executive directors of BPA.

8. More than two years after FinCEN's action, many depositors remain without access to more than a billion dollars in deposits, hundreds of people have lost their jobs, and shareholders have lost holdings worth hundreds of millions of dollars. On May 10, 2017, Andorra's Minister of Finance recognized the damage when he stated that Andorra as a nation had been "on the brink of collapse" because of the BPA matter. From certain disclosures made by U.S. officials and then denied, it appears that the actions of FinCEN were based on improper considerations and the decision to withhold the documents is meant to continue to shield FinCEN's actions from proper scrutiny.

9. The documents requested are vital to understanding whether FinCEN's regulatory authority was appropriately exercised.

## Jurisdiction and Venue

10. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

12. Plaintiff Eric L. Lewis made the initial FOIA request on July 19, 2016. His principal place of business is located at 1899 Pennsylvania Ave, NW, Suite 600, Washington, DC 20006. Mr. Lewis is a partner at Lewis Baach Kaufmann Middlemiss PLLC and is U.S. counsel to BPA's owners.

13. Defendant Department of the Treasury is part of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

14. Defendant FinCEN is a bureau within the Department of the Treasury and is an agency within the meaning of 5 U.S.C. § 552(f)(1). FinCEN is located in Washington, D.C. and Vienna, Virginia.

**FOIA REQUEST & RESPONSES**

15. On July 19, 2016 Eric L. Lewis sent via first class mail a FOIA request to FinCEN. Ex. 1. In that letter, Lewis requests communications between FinCEN and the Governments of Andorra and Spain regarding the following individuals:

Marcelino Martin Blas

Bonifacio Diaz

Eugenio Pino

Jose Grinda

Fernando Bermejo

Eduardo Torres Dulce

Jose Angel Fuentes Gago

Jose Manuel Villarejo

Daniel de Alfonso

Basilio Luis Sanchez Portillo a/k/a Alfonso Ruiz

Jorge Fernandez-Diaz

Jorge Moragas

Alfons Alberca

Carles Fiñana

Maria Cosan

16. All of these individuals are former or present representatives of the governments of Spain and Andorra.

17. On July 25, 2016, FinCEN responded by acknowledging receipt of the FOIA request and stating, "Our estimated response date is September 1, 2016 and every effort will be made to respond to your request before that date." Ex. 2.

18. Despite having given itself more than five weeks to respond, FinCEN did not provide a substantive response to the request until November 21, 2016 – four months after the initial request and almost two months after FinCEN's initial self-imposed deadline. Ex. 3.

19. FinCEN confirmed locating 347 pages of responsive records but advised that it was "withholding all [347] pages of records in full in accordance with FOIA exemptions (b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(D) and (b)(7)(E)." *Id*. The entirely conclusory response did not provide any information concerning the search that was conducted, did not identify any specific documents, or specify the exemption(s) that applied to any particular document.

20. On December 13, 2016, Mr. Lewis appealed FinCEN's response to Jamal El-Hindi, the Acting Director of FinCEN. Ex. 4.

21. In the appeal, Mr. Lewis specified the following errors in FinCEN's process and response:

a. FinCEN had failed to meet its legal burden of showing that its search was calculated to uncover all relevant documents. Without any description of the search it was impossible to evaluate whether FinCEN had complied with the law;

b. FinCEN had failed to detail why particular exemptions applied to particular documents;

c. FinCEN had failed to provide a *Vaughn* index identifying withheld documents and the basis for the withholding of each document, in accordance with the Circuit Court of Appeals' directions in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and;

d. The exemptions cited by FinCEN were unlikely to apply to most, if not all, of the documents withheld.

22. On February 3, 2017 FinCEN remanded the matter to FinCEN's FOIA Officer, presumably for reconsideration and further processing. Ex. 5.

23. On February 15, 2017, Mr. Lewis wrote to FinCEN stressing that the blanket withholding of responsive documents without justification was unlawful and that FinCEN was unreasonably delaying its response. Ex. 6.

24. On February 24, 2017, Acting Director El-Hindi wrote that FinCEN had located one additional page of responsive material and that it was continuing to consider the arguments in the appeal. El-Hindi noted that the additional page of responsive material would be processed "in connection" with the appeal. He closed by stating, "We expect to be able to provide a further response in connection with your appeal by March 10, 2017." Ex. 7.

25. On March 10, 2017, Mr. El-Hindi sent Mr. Lewis a two-paragraph letter once again delaying FinCEN's response. It stated that FinCEN was "continuing to process [the] appeal" and closed with, "we hope to be able to provide a further response by March 24, 2017." Ex. 8.

26. On March 27, 2017, more than seven months after the initial FOIA request and four days after FinCEN's self-imposed deadline, Mr. El-Hindi again wrote to Mr. Lewis. This time Mr. El Hindi reported that an additional 35 pages of responsive material had been located

(36 including the previously referenced additional page that FinCEN had located). He noted that these additional pages would be processed in "connection with [the] appeal." He closed by stating, "[w]e expect to be able to provide a further response in connection with your appeal by April 7, 2017." Ex. 9.

27. Following the now familiar pattern, on April 10, 2017 – after its self-imposed deadline – Mr. El-Hindi wrote to Mr. Lewis to announce a further delay, stating that FinCEN expected to provide a determination regarding the appeal by April 24, 2017. Ex. 10.

28. No further response was received until May 4, 2017 – once again, after FinCEN's self-imposed deadline. Ex. 11 On May 4, 2017, Mr. El-Hindi finally provided his decision on the appeal, essentially affirming the initial decision to withhold all documents identified as responsive to the request but on the basis of a different list of exemptions, stating:

> I am satisfied that FinCEN has now conducted a search that is reasonably calculated to uncover all relevant documents. I am also satisfied that FinCEN has sufficiently and correctly asserted FOIA Exemptions 3, 5, 7(A), and 7(E) as a basis for withholding the responsive records in full.

*Id*.

29. Four days later FinCEN sent a further letter stating that it was also withholding the additional 36 pages in full. Ex. 12.

30. In sum, FinCEN took more than nine months to locate 383 pages of responsive documents and make the conclusory determination, without providing any detailed index or specific justification despite requests to do so, that all 383 pages were, in their entirety, subject to FOIA exemptions.

31. As with the initial response to the request, FinCEN's final decision failed to meet even the most basic legal requirements of FOIA.

32. The fact that the appeal resulted in a 10% increase in documents identified as responsive to Lewis' FOIA request would suggest that there were problems in the completeness of FinCEN's search, a conclusion that is supported by Acting Director El-Hindi's letter acknowledging that he was "*satisfied that FinCEN has* ***now*** *conducted a search that is reasonably calculated to uncover all relevant documents*." (emphasis added) And yet FinCEN has continued to fail to provide any information on which the completeness of its search can be evaluated.

33. FinCEN has also withheld all documents located in their entireties. But nowhere does FinCEN specifically identify the reasons why a particular exemption is relevant nor does it match the assertion of any particular exemption to any document being withheld.

34. FinCEN has failed to provide anything akin to a *Vaughn* index detailing the basis on which each document has been withheld, much less justifying why documents had to be withheld in their entireties, rather than produced with appropriate redactions.

35. Given the importance of these documents, which are relevant to a highly-questioned measure by FinCEN that has wrought havoc in Spain and Andorra, FinCEN's delayed, wholly conclusory and legally inadequate approach to the FOIA request is all the more troubling.

**Prayer for Relief**

Wherefore, plaintiff requests that this Court:

A. enter an injunction requiring defendants to disclose the requested records in their entireties and make copies available to plaintiff;

B. provide for expeditious proceedings in this action;

C. award costs and attorneys' fees under any applicable statute or authority;

D. grant of such additional or different relief as the Court deems just and proper.

Dated: Washington, DC

May 18, 2017

LEWIS BAACH KAUFMANN MIDDLEMISS PLLC

By: /s/ A. Katherine Toomey

A. Katherine Toomey (DC Bar # 426658)
*katherine.toomey@lbkmlaw.com*
Manuel S. Varela (DC Bar # 461331)
*manuel.varela@lbkmlaw.com*
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006
(202) 833-8900

Aaron T. Wolfson *(pro hac* pending*)*
*aaron.wolfson@lbkmlaw.com*
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
405 Lexington Avenue, 62nd Floor
New York, NY 10174
(212) 826-7001

*Attorneys for Plaintiff*