THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERIC L. LEWIS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF THE<br>TREASURY, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No.  17-cv-943 (DLF) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 30, 2019, minute order, Plaintiff and Defendants respectfully submit this joint status report to propose a schedule for further proceedings in this Freedom of Information Act (FOIA) matter.  *See* Minute Order (Sept. 5, 2018).  The parties have conferred but were not able to reach agreement on a schedule for further proceedings.  The parties' separate positions on scheduling are set forth below.

**Plaintiff's Position**

It is the Plaintiff's position that almost three years after the FOIA request was submitted only the Plaintiff is presenting a reasonable schedule for the final resolution of this dispute.  The documents in dispute have been processed (and re-processed) over an extended period of time and the remaining universe of documents is such that a reasonable schedule need not extend for many months.

By way of brief review, On October 3, 2018 this Court ordered the defendant to:

*process and issue a new final determination for the 104 documents that were previously withheld, including the release of any documents no longer subject to withholding under exemption 7(A) based on the current status of investigations*

In response, the defendant re- reviewed the 104 documents and simply reiterated its earlier position withholding all 104 documents, which it reports amount to 528 pages of documentation.

The Court also ordered the defendant to:

> *process the 1,345 potentially responsive documents (newly) identified and shall produce to the plaintiff any responsive, non-exempt records subject to the FOIA.*

The Court allowed the defendant more than three months for this exercise. The figure of 1,345 pages of documentation was provided by the defendant in its October 2, 2018 status report – by February 14, 2019 that number was reduced to 854 pages. Of those 854 pages, 483 were either produced in whole or in part and 371 were withheld. Of the 483 pages that were produced, they are almost exclusively filings by the plaintiff himself in his capacity as counsel for parties to long-since-closed litigation in this judicial district as well as press releases.

Thus, at this stage 899 *pages* of documentation have been fully withheld. Given that the majority of these pages were reviewed and re-reviewed when the defendant could not adequately explain the search conducted, it is reasonable to believe that defendant is well-familiar with the remaining pages and can efficiently produce the required affidavit and *Vaughn* index.

Plaintiff understands the pulls on the defendant's resources, but this matter has gone through enough reviews and re-reviews that an efficient presentation of the issues for this Court's determination should not be overly-burdensome for the defendant.

As such, Plaintiff respectfully suggests that a reasonable schedule for the resolution of this matter is as follows:

**February 28, 2019**: Defendant to supplement record as to status of investigations as well as provide affidavit describing its search in compliance with the Court's July 2, 2018 Order.

**March 15, 2019**: Defendant to provide *Vaughn* index with regard to all withheld or redacted documents.

**March 15, 2019:** Defendant to file dispositive motion.

**April 12, 2019:** Plaintiff to file cross-dispositive motion as well as opposition to defendant's motion.

**April 26, 2019:** Defendant to file opposition to plaintiff's dispositive motion. Defendant to file reply to plaintiff's opposition to dispositive motion.

**May 10, 2019:** Plaintiff to file reply to defendant's opposition to dispositive motion.

### Defendants' Position

Pursuant to the Court's August 10, 2018, October 3, 2018, and January 30, 2019, minute orders, the Financial Crimes Enforcement Network (FinCEN) has completed a new search for records responsive to Plaintiff's FOIA request and concluded processing of those records. Defendants propose to now proceed to brief cross-motions for summary judgment on the adequacy of Defendants' search and the propriety of Defendants' decision to withhold documents and information exempt from disclosure under the FOIA.

Accordingly, Defendants respectfully propose the following schedule for further proceedings:

| Date | Filing |
|---|---|
| **May 22, 2019** | Defendants' motion for summary judgment |
| **June 21, 2019** | Plaintiff's consolidated cross-motion and opposition to Defendants' motion |
| **July 22, 2019** | Defendants' consolidated opposition to Plaintiff's cross-motion and reply in support of their motion |
| **August 5, 2019** | Plaintiff's reply in support of his cross-motion |

Defendants ask for 90 days to prepare their opening brief to allow for sufficient time to prepare their supporting papers and adequately present the government's position in line with the Court's previous Memorandum Opinion and Order, ECF No. 23.  Defendant Financial Crimes Enforcement Network (FinCEN) has one full-time FOIA officer who, in addition to all of her responsibilities as FOIA officer, is responsible for litigation support in all of FinCEN's FOIA cases.  In addition to this matter, FinCEN's FOIA officer is providing litigation support in several other matters in federal court.

In support of its motion for summary judgment, FinCEN will need to prepare a *Vaughn* index and supporting declaration that adequately explain the basis for all withholdings from documents responsive to Plaintiffs' FOIA request.  These include the 104 documents identified through FinCEN's first search that were withheld in full, which total more than 500 pages.  Although Defendants previously briefed these withholdings, the Court's Memorandum Opinion and Order directed Defendants to provide additional information about its withholdings, which requires Defendants to significantly revise their previous submissions to the Court.  In addition, Defendants must prepare submissions in support of all withholdings from the additional documents processed pursuant to FinCEN's new search.  These include 371 pages withheld in full and 55 pages released in part.  Thus, Defendants will be required to prepare a *Vaughn* index and declaration that explain the basis for withholding, in full or in part, more than 900 pages.  Further, as the Court is no doubt aware from the previous briefing in this case, this matter involves a FOIA request for FinCEN communications, both with foreign parties and internal to the United States government, that discuss certain foreign nationals.  The exemptions thus involve sensitive issues and international investigations that require significant time to appropriately address in a *Vaughn* index and declaration.  Defendants respectfully submit that, in

light of FinCEN's other FOIA obligations, the number of pages at issue in this FOIA matter, and the nature of the exemptions claimed, the Court should allow 90 days for the preparation of the government's motion for summary judgment and supporting papers.

Lastly, Defendants respectfully suggest that the Court not require the government to submit a *Vaughn* index or search declaration prior to the submission of their motion for summary judgment. For the reasons previously set forth at length in Defendants' Motion for Scheduling Order and to Vacate Pending Deadlines, ECF No. 24, these documents are prepared to enable judicial review in the summary-judgment posture and are not otherwise required under the FOIA. To the extent Plaintiff may seek these documents on a different schedule in order to raise issues to the Court prior to Defendants' submission of a motion for summary judgment, such a request could only lead to piecemeal briefing of FOIA issues through motions for partial summary judgment. For reasons set forth in greater detail in Defendants' Motion for Scheduling Order and to Vacate Pending Deadlines, ECF No. 24, piecemeal briefing of issues in FOIA cases is inefficient and does not conserve either the Court's or the parties' time and effort in addressing the issues that remain for the Court to resolve in this case. *See, e.g.*, Minute Order, *Accuracy in Media. v. U.S. Dep't of Def.*, No. 14-cv-1589 (EGS), (D.D.C. June 23, 2015) (denying motions for partial summary judgment as "unnecessarily piecemeal").

Accordingly, Defendants respectfully request that the Court enter the above schedule.

Date: February 21, 2019                                   Respectfully submitted,


                                                          By: /s/ Manuel S. Varela
                                                          A. Katherine Toomey (DC Bar # 426658)
                                                          Manuel S. Varela (DC Bar # 461331)

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1101 New York Avenue, NW, Suite 1000
Washington, DC 20006
Tel: (202) 833-8900
Fax: (202) 466-5738
katherine.toomey@lbkmlaw.com
manuel.varela@lbkmlaw.com

*Attorneys for Plaintiff*


JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Daniel Halainen*
DANIEL HALAINEN (MA Bar 694582)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20530
(202) 616-8101 (office)
(202) 616-8470 (fax)
daniel.j.halainen@usdoj.gov

*Counsel for Defendants*